# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERARRI FINANCIAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYAN C. USREY and ROLL EM UP FRANCHISE GROUP, LLC, a California limited liability company, <br><br> Defendants. | Case No.: 3: 24-cv-01704-H-KSC <br><br> **ORDER GRANTING DEFENDANT RYAN C. USREY'S MOTION TO SET ASIDE DEFAULT** <br><br> [Doc. No. 26] |

On September 24, 2024, Plaintiff Ferrari Financial Services, Inc. filed a complaint against Defendants Ryan C. Usrey ("Usrey") and Roll Em Up Franchise Group, LLC ("REU"), alleging causes of action for claim and delivery and breach of contract. (Doc. No. 1, Compl.) On April 1, 2025, Plaintiff filed a request for entry of clerk default against Defendants because it had failed to plead or otherwise respond to the complaint within he time prescribed by the Federal Rules of Civil Procedure. (Doc. No. 9.) On April 2, 2025, the Clerk entered default against Defendants. (Doc. No. 10.) On September 2, 2025, Plaintiff filed a motion for default judgment against Defendants. (Doc. No. 15.) A hearing on Plaintiff's motion was held on Monday, October 6, 2025 at 10:30 a.m. Mr. Green appeared on behalf of Plaintiff. Mr. Usrey appeared on behalf of himself.

On October 10, 2025, Defendant Usrey filed a motion to set aside the Clerk's default.

(Doc. No. 26.) On October 27, 2025, Plaintiff filed an opposition to Defendant Usrey's motion. (Doc. No. 29.) On November 3, 2025, Defendant Usrey filed his reply. (Doc. No. 31.) The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument and submits the motion on the parties' papers.

## DISCUSSION

Defendant Usrey asks this Court to set aside his default pursuant to Federal Rule of Civil Procedure 55(c). (Doc. No. 26 at 1.) Rule 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The good cause analysis under Rules 55(c) and 60(b) "considers three factors: '(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff].'" Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004) (quoting Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1008 (9th Cir. 2000)). The defendant bears "the burden of showing that any of these factors favor[s] setting aside the default." Id. at 926. Crucially, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984)

Here, Defendant Usrey asserts that each of the factors warrants setting aside the default. The Court will address each factor in turn.

### A. Defendant's Culpable Conduct

The Ninth Circuit has held "that the defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1989); see also Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 690 (9th Cir. 1988); Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987) (same). The standard on culpability depends on whether the party is "legally

sophisticated." <u>United States v. Signed Personal Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085, 1093 (9th Cir. 2010). Where a party is not legally sophisticated, the Ninth Circuit has "held that a defendant's conduct was culpable ... where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." <u>TCI Grp. Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 698 (9th Cir. 2001).

In this case, Plaintiff provided the Court with proof that unsuccessful attempts were made by process servers to serve Defendant Usrey at his place of residence on October 1, 2, 3, 4, 7, 10, 13, 16, 19, 21, and 24, 2024. (Doc. No. 4-1, Wittenberg Decl. ¶¶ 8, Ex. 2.) Counsel for Plaintiff also requested via email that Defendant Usrey waive service of the Complaint and Summons on multiple occasions. (<u>Id.</u> at ¶ 3, 10, 12, Exs. 1, 4, 5.) Despite responding to other content within the emails, Defendant Usrey never responded to Plaintiff's request to waive service. (<u>Id.</u>) On December 10 and 17, 2024, Plaintiff directed process servers to stakeout Defendant Usrey's place of residence to serve Defendant. (<u>Id.</u> at ¶ 13.) These attempts were also unsuccessful. (<u>Id.</u>) On December 20, 2024, Plaintiff filed a motion for an order authorizing service by publication on Defendants and extending the time limit to effect service. (Doc. No. 4.) On January 6, 2026, the Court granted Plaintiff's motion and authorized Plaintiff to accomplish service of summons on Defendants by publication in the San Diego Daily Transcript and Riverside Business Journal. (Doc. No. 6.) Plaintiff provided the Court with proof of service, showing that it served Defendants through publication on January 14, 21, and 28, 2025 and February 4, 2025. (Doc. No. 8; Doc. No. 8-1.) As such, Plaintiff has demonstrated proper service pursuant to Federal Rules of Civil Procedure 4(h) and 4(e)(1) and California Civil Procedure Code § 415.50. Indeed, Defendant does not contest that service was improper in his response. From these efforts, it is reasonable to conclude that Plaintiff made reasonably diligent attempts to serve Defendant Usrey, and Defendant Usrey had actual or constructive notice of the filing of the action.

Defendant Usrey is not, however, a legally sophisticated party as he is representing himself pro se. Under the standard for parties lacking legal sophistication, the Court finds

Defendant not culpable. While Defendant Usrey should have communicated with Plaintiff's counsel or sought leave of Court if he needed additional time to respond to the Complaint, Defendant Usrey did not provide an explanation of the default that suggested a devious, deliberate, willful, or bad faith failure to respond. Defendant Usrey also appeared at the October 6, 2025 default hearing on behalf of himself and promptly drafted and filed a motion to set aside default thereafter. In light of these circumstances, the Court does not find Defendant Usrey's failure to respond to be deliberate, willful, or in bad faith. Thus, this factor weighs in favor of setting aside the default.

### B. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense," but "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." TCI Grp., 244 F.3d at 700 (citations omitted). "Defendants' allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." Johnson v. Barlow, 2007 WL 214603, slip op. at *3 (E.D.Cal., 2007) (citations and internal quotation marks omitted).

Here, Defendant Usrey contests the extent of the deficiency owed and attorney's fees. Usrey asserts that substantial questions remain regarding "the reasonableness of Plaintiff's attorney fee demand," "the calculation of the alleged deficiency balance[,] and whether the vehicle sale was commercially reasonable under applicable law." (Doc. No. 31 at 2.) As such, there is reason to believe that the result after a determination on the merits may differ from the judgment by default. As the burden to show the existence of a potentially meritorious defense, "is not extraordinarily heavy," TCI Group, 244 F.3d at 700, this factor also weighs in favor of granting defendants' motion.

### C. Prejudice to Plaintiff

Finally, Defendant Usrey maintains that Plaintiff will not suffer any prejudice as there is no loss of evidence or diminished ability to defend on the part of Plaintiff. (Doc.

No. 31 at 2.)  Plaintiff asserts that if the default is set aside it will be prejudiced in having to expend even more time, effort, and attorney fees litigating this case.  (Doc. No. 29 at 5.)

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."  Mesle, 615 F.3d at 1095.  Mere delay and litigation costs are not sufficient prejudice to justify refusing to set aside a default. See TCI Group, 244 F.3d at 701 (finding the Plaintiff suffered no cognizable prejudice merely by incurring costs in litigating the default).  "The standard is whether his ability to pursue his claim will be hindered", Falk, 739 F.2d at 463, such as by "loss of evidence" or "increased difficulties of discovery," TCI Grp., 244 F.3d at 701.

Here, Plaintiff's concerns about delaying resolution of the case and incurring more attorney's fees does not demonstrate prejudice.  To date, the pleadings and briefs in this case have been fairly straightforward and formal discovery has yet to begin.  The Court has not issued a scheduling order setting deadlines for pre-trial motions or trial and related dates.  Under these circumstances, this factor also weighs in favor of setting aside the defaults.

## CONCLUSION

For the above reasons, the Court grants Defendant Usrey's motion to set aside default.  The Court sets aside the Clerk's default as to Defendant Usrey and orders Defendant Usrey to submit an answer or otherwise respond by **November 28, 2025**.

Additionally, as noted in the Court's prior order, Defendant REU is a must make a motion to set aside the default by counsel.  (Doc. No. 28 at 2.)  Civil Local Rule 83.3 (j) provides:

> Only natural persons representing their individual interest in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.

See also Rowland v. Cal. Men's Colony, 606 U.S. 194, 202-03 (1993) ("a corporation may appear in federal courts only through licensed counsel"); D-Beam, Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that 'corporations and other unincorporated associations must appear in court through an attorney.'"); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself."). Accordingly, the Court directs Defendant REU to retain counsel to represent it in this case on or before **November 21, 2025**. The Court cautions Defendant REU that failure to retain counsel may result in sanctions, including the entry of default judgment against it.

**IT IS SO ORDERED**.

DATED: November 5, 2025

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

6

3: 24-cv-01704-H-KSC